IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERAD S. BUTLER,
    Petitioner,

vs.                          Case No.: 3:06cv418/MCR/EMT

RON McNESBY,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk.  Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 2).  On October 3, 2006, this court entered an order giving Petitioner thirty (30) days in which to file an amended petition and provide two (2) service copies of the amended petition (Doc. 5).  Petitioner was subsequently given an extension, to November 29, 2006, in which to comply with the court's order (*see* Doc. 8).  Petitioner failed to respond to the order; therefore, on December 7, 2006, the court issued an order requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 10).  The time for compliance with the show cause order has now elapsed with no response from Petitioner.

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to comply with an order of the court.

        At Pensacola, Florida, this 3rd  day of January 2007.


                                            */s/ Elizabeth M. Timothy*
                                            **ELIZABETH M. TIMOTHY**
                                            **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**